**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERTS & SCHAEFER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 14-cv-8841 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| CLYDE BERGEMANN DELTA DUCON, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This action arises from a contractual dispute in the context of a construction project located in Palatka, Florida. Plaintiff filed suit in the Circuit Court of Cook County, and Defendant removed the action to this Court on November 5, 2014. Pending before the Court are two motions filed by Defendant: a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion to dismiss or to transfer venue pursuant to Rule 12(b)(3) or 28 U.S.C. § 1404(a). For the reasons set forth below, the Court grants in part and denies in part the motion to dismiss or to transfer venue [7], and denies as moot Defendant's Rule 12(b)(6) motion to dismiss [5]. The Court declines to dismiss the complaint under Rule 12(b)(3) and instead exercises its discretion to transfer the case to the Middle District of Florida.

**I.     Background[1]**

Plaintiff Roberts & Schaefer Company is a Delaware corporation engaged in engineering and construction work. [1-1], Compl. ¶ 1. Its principal place of business is in Illinois. *Id.* In March of 2011, Plaintiff entered into an Engineering, Procurement and Construction Contract

---

[1] The facts are taken from the complaint and from the parties' briefs, where particular facts are supported by affidavits and exhibits. In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3), all allegations in the complaint are taken as true, unless contradicted by the defendant's affidavits. *Nagel v. ADM Investor Servs., Inc.,* 995 F. Supp. 837, 843 (N.D. Ill. 1998).

with Seminole Electric Cooperative, Inc. ("Seminole") (the "EPC or SECI Contract").  *Id.* at ¶ 3.

Plaintiff was to replace Seminole's wet bottom and economizer ash systems on two units located

at the Seminole Generating Facility located in Palatka, Florida (the "Project").  *Id.*

Defendant Clyde Bergemann Delta Ducon, Inc. is a Pennsylvania corporation that

supplied Plaintiff with certain equipment for the Project.  See [1-1], Compl. ¶ 2.  The parties

entered into an initial purchase order in May of 2011 (the "First Purchase Order" or "First

P.O.").  See *id.* at ¶ 4.  Under the Purchase Order, Plaintiff had the right to "backcharge"

Defendant for various costs that it might incur "as a result of defective goods or services"

provided by Defendant.  See *id.* at ¶ 5 (quoting First P.O., § 18).  Plaintiff alleges that the

Purchase Order "expressly incorporates the EPC Contract."  *Id.* at ¶ 7.  In its memorandum in

support of its Rule 12(b)(3) motion to dismiss, Defendant further explains that the First Purchase

Order was replaced by a new purchase order on September 29, 2011 at Plaintiff's request (the

"Second Purchase Order" or "Sec. P.O.").  [8], Def.'s Mem. 2.  The major differences between

the First and Second Purchase Orders are additional "terms and conditions of purchases" that

were included in the Second Purchase Order.  *Id.*

Defendant contends that certain provisions of the EPC Contract with Seminole were

incorporated into the Purchase Orders and "were intended to amend the applicable sections of

[the] Purchase Order[s]."  [8], Def.'s Mem. 3 (quoting First & Sec. P.O.s, § 23.10)[2]. Relevant

here are certain forum selection clauses.  In particular, the First Purchase Order states that

disputes arising out of the agreement will be resolved in a court in Illinois, and in the complaint,

Plaintiff alleges that Defendant "consented to jurisdiction and venue * * * in the Circuit Court of

Cook County," [1-1], Compl. ¶ 8 (citing First P.O., § 23.7).  Defendant disputes that the Illinois

---

[2] Defendant cites Section 23.10 of the Purchase Orders, but the language that Defendant quotes actually is contained in Section 24.  See [8-1], Def.'s Exh. 1 at 27.

forum selection clause is operative.  Defendant first points out that the Second Purchase Order contains another, conflicting venue provision that requires the parties to submit any disputes to binding arbitration in Houston, Texas.  See [8-1], Sec. P.O., § 27.  Defendant next contends that neither the Illinois nor the Texas venue provisions apply, because Section 22 of the EPC Contract was incorporated into the Purchase Orders.  That section designates Hillsborough County, Florida (located in the Middle District of Florida) as the forum "for any and all suits, claims, actions, arbitrations, causes of actions or other legal proceedings arising out of or relating to this Contract[.]"  See *id.* at A.8, § 22.  A separate section of the EPC Contract, Section 25, contains an arbitration provision, however, which states that disputes are to be resolved by arbitration in Hillsborough County, Florida, pursuant to the Commercial Arbitration Rules of the American Arbitration Association.  See *id.* at A.8, § 25.

In Count I of the complaint, Plaintiff alleges that Defendant breached the Purchase Order "by failing to perform its obligations due and owing under the [agreement] * * * by otherwise failing to timely perform its obligations due and owing * * * [and] by providing defective materials due and owing[.]"  [1-1], Compl. ¶ 12.  Plaintiff alleges that it has been forced to incur substantial backcharges as a result but does not further specify the nature of the alleged breach. See *id.* at ¶ 13.  In Count II, Plaintiff brings a tortious interference with contract claim with respect to the EPC Contract with Seminole.  Specifically, Plaintiff alleges that—notwithstanding any dispute over backcharges—Defendant was required to perform all of its obligations under the Purchase Order.  *Id.* at ¶ 21.  Plaintiff contends that Defendant did not complete its work for Plaintiff and instead entered into a contract directly with Seminole for completion of its work on the Project "in direct circumvention of the Purchase Order."  *Id.* at ¶¶ 22–24.

## II.     Legal Standard

Defendant requests that the Court dismiss the case under Federal Rule of Civil Procedure 12(b)(3).  Rule 12(b)(3) allows a defendant to seek dismissal for "improper venue."  The plaintiff bears the burden of establishing that the chosen venue is proper.  See *Int'l Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 222 (7th Cir. 1981) (citing *Grantham v. Challenge–Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1970)).  A court deciding a Rule 12(b)(3) motion must take the allegations in the complaint as true, unless contradicted by the defendant's affidavits. *Nagel v. ADM Investor Servs., Inc.,* 995 F. Supp. 837, 843 (N.D. Ill. 1998).  The court also may examine facts outside the complaint to determine if venue is proper.  *Id.*  If venue is improper, the court may either dismiss the suit or transfer it to a district in which the plaintiff could have filed the complaint initially.  See 28 U.S.C. § 1406(a).

Defendant alternatively moves to transfer the action to the Middle District of Florida under 28 U.S.C. § 1404(a).  This section "allow[s] a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district."  *Research Automation, Inc. v. Schrader-Bridgeport Int'l., Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). Subsection (a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

## III.     Discussion

Defendant provides three avenues by which the Court may dismiss the complaint or transfer the case to the Middle District of Florida.  First, Defendant argues that Illinois is an improper venue under 28 U.S.C. §§ 1391 and 1406(a).  If the Court does not find that venue is improper, Defendant next argues that the Court should find that the Florida forum selection

clause in the EPC Contract is operative and transfer the case to the Middle District of Florida under the standard set forth in *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 134 S. Ct. 568 (2013).  Finally, if the Court does not find that the Florida forum selection clause applies, Defendant argues that transfer to the Middle District of Florida is appropriate under 28 U.S.C. § 1404(a), because Florida is a more convenient forum than Illinois.  Plaintiff responds largely by arguing that the Court should compel arbitration under Section 25 of the EPC Contract, if the Court agrees that the Florida forum selection clause applies.  The Court addresses these issues below and concludes that the case should be transferred to the Middle District of Florida.

### A.       Arbitration in the Middle District of Florida

The Court first addresses Plaintiff's request that the Court compel arbitration.  Plaintiff argues that if Section 22 of the EPC Contract applies (the Florida forum selection clause), then Section 25 of the Contract also must apply (the Florida arbitration clause).  Plaintiff requests that the Court deny Defendant's motion to dismiss or to transfer the action, and instead compel arbitration in Hillsborough County, Florida pursuant to Section 25 of the EPC Contract.  The Court respectfully declines to do so.

Even assuming that the Florida arbitration provision applies, the Court does not have the power to compel arbitration outside of the Northern District of Illinois.   The Federal Arbitration Act states:

> The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

9 U.S.C. § 4.  Under this section, "a district court cannot compel arbitration outside the confines of its district."  *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808 (7th Cir. 2011).  In particular, "[w]hen an arbitration clause in a contract includes a forum selection clause, 'only the district court in that forum can issue a § 4 order compelling arbitration.  Otherwise, the clause of § 4 mandating that the arbitration and the order to compel issue from the same district would be meaningless.'"  *Haber v. Biomet, Inc.*, 578 F.3d 553, 558 (7th Cir. 2009) (quoting *Merrill Lynch, Pierce, Fenner, & Smith v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995)).

The Court therefore cannot compel arbitration, as requested.  See also *Dental USA, Inc. v. Beak & Bumper, LLC*, 2014 WL 683709, at *3 (N.D. Ill. Feb. 21, 2014) (dismissing complaint because agreement required arbitration in another district); *EZLinks Golf, Inc. v. Brown*, 2013 WL 1285651, at *2 (N.D. Ill. Mar. 27, 2013) (denying motion to compel arbitration and finding lack of authority to compel arbitration because parties agreed to arbitrate in Florida).  Moreover, Plaintiff may have waived any right that it had to arbitration by electing to file suit in Cook County, as opposed to pursing arbitration under the contractual clause that it now asks the Court to enforce.  See *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995) ("[A]n election to proceed before a nonarbitral tribunal for the resolution of a contractual dispute is a presumptive waiver of the right to arbitrate. * * * instead of filing suit in a Wisconsin state court, [Plaintiff could] have demanded arbitration under the contract.  It did not, thus signifying its election not to submit its dispute with Kraftmaid to arbitration.").

## B.    Transfer of Venue under Sections 1404 and 1406

Having determined that the Court cannot compel arbitration in Florida, the Court now turns to the issue of venue.[3]  Defendant first argues that Illinois is not a proper venue, and that

---

[3] As discussed, Defendant contends that the Illinois forum selection provision is inoperative.  Plaintiff appears to concede this point, as it does not argue that this provision is in fact operative.  Defendant's

dismissal or transfer therefore is warranted under 28 U.S.C. § 1406(a).  Venue is proper in:

> (1) the judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  An entity, like Defendant, is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]"  § 1391(c)(2).  Section 1406(a) provides for dismissal or transfer to a proper venue, "if it be in the interest of justice."  This section may be invoked only if venue is improper in the district where the case was filed.  *In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008).

Even if venue is proper in Illinois, Defendant contends that the case should be transferred to Florida pursuant to 28 U.S.C. § 1404(a).  This section "allow[s] a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district."  *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010).  Transfer is appropriate under § 1404(a) if "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer

---

argument for dismissal or transfer is premised, in part, on its assertion that the EPC or SECI Contract was "incorporated into the Second [Purchase Order] and designates Florida as the forum 'for any and all [legal claims] * * * arising out of or relating to this Contract[.]'"  [8], Def.'s Mem. 3 (citing First & Sec. P.O.s, Exh. A.8, § 22).  Plaintiff appears to assume that Defendant's reading of the Purchase Orders is correct, but Plaintiff does not offer any explanation as to how the various conflicting venue provisions should be construed. Given that (1) interpreting the various contractual provisions at issue is a fairly complex task and has not been fully briefed, and (2) regardless of whether the parties in fact agreed to litigate and arbitrate in Florida, the Court's disposition would remain the same, the Court will analyze the issue of venue without regard to whether the Florida forum clause applies.  Moreover, neither party contends that the Illinois or Texas venue provisions are operative, so there is no need for the Court to construe the three conflicting venue provisions.

is in the interest of justice." *Law Bulletin Publ'g, Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998); see also *Research Automation, Inc.*, 626 F.3d at 977–78.

Courts typically determine motions that challenge venue by first deciding whether venue is proper in the district where the case was filed, given the distinction between § 1404 and § 1406. That determination is unnecessary here. As more fully explained below, if venue were proper in this district, the Court would transfer the case to the Middle District of Florida under § 1404(a); and if venue were improper, the Court would do the same under § 1406(a). As the result is transfer under both provisions, the Court need not decide which applies. See, *e.g.*, *Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp. 2d 1052, 1057 (N.D. Ill. 2002); *Pryor v. United Air Lines, Inc.*, 2013 WL 4506879, at *3 (N.D. Ill. Aug. 23, 2013).

## C.    Section 1404(a)

As discussed, a case may be transferred under § 1404(a) if venue is proper in both the transferor and transferee courts, transfer is for the convenience of the parties and witnesses, and transfer is in the interest of justice. Courts are to view these factors "in light of all the circumstances of the case." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The movant has the burden of showing, "by reference to particular circumstances, that the transferee forum is clearly more convenient." *Id.* at 219–20. All three factors favor transfer to the Middle District of Florida in this case.

### 1.    Venue in the Transferor and Transferee Courts

With respect to venue in the transferor court, the Court assumes, without deciding, that venue is proper in this district, for purposes of the § 1404(a) analysis. With respect to the transferee venue, § 1391(b)(2) provides that venue is proper in a district "in which a substantial part of the events or omissions giving rise to the claim occurred." Although Plaintiff asserts that

"there is no greater claim to venue in Florida than there is in Illinois," Plaintiff does not contest that venue is proper in the Middle District of Florida, as the Project was located there.  See [22], Pl.'s Resp. 6.  Defendant delivered its equipment and had daily meetings with Plaintiff at the Seminole Generating Facility; and both parties set up offices at that location for the duration of the Project.  See [8], Def.'s Mem. 11 (citing Tempesta Decl. ¶¶ 4, 11).  The Court therefore concludes that venue is proper in the Middle District of Florida under § 1391(b)(2).

### 2.    Convenience

Having determined that venue is proper in the Middle District of Florida, the Court now turns to the convenience of the parties and the witnesses.  "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge.  *Coffey*, 796 F.2d at 219.  To evaluate convenience, "courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum."  *Research Automation, Inc.*, 626 F.3d at 978.  "Other related factors include the location of material events[,] [ ] the relative ease of access to sources of proof," *id.*, and the plaintiff's choice of forum, see *Continental Cas. Co. v. Staffing Concepts, Inc.*, 2009 WL 3055374, at *3 (N.D. Ill. Sept. 18, 2009).

The plaintiff's choice of forum typically is accorded significant weight, *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003), unless none of the relevant conduct occurred in that forum, *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). See also *Continental Cas Co.*, 2009 WL 3055374, at *3 ("[T]he [plaintiff's] choice [of forum] is entitled to less deference when the forum is not the site of material events causing the alleged breach [of contract].").  Plaintiff presumably chose to file suit in Cook County pursuant to the

Illinois forum selection clauses contained in the Purchase Orders.  See [1-1], Compl. ¶ 8 (citing First P.O. § 23.7).  The Court accords little weight to this forum choice.

To begin, in the face of Defendant's challenge to the Illinois forum clause, Plaintiff has not argued that it still controls.  To the contrary, Plaintiff assumes for purposes of its request for arbitration that the Florida forum clauses (Sections 22 and 25 of the EPC Contract) govern. Plaintiff also implies that its decision to file in Cook County was due, in part, to its counsel not realizing that the First Purchase Order was replaced by the Second Purchase Order, which included a new provision involving dispute resolution in Houston, Texas.[4]  See [22], Pl.'s Mem. 3.  Finally, it does not appear that any conduct related to the alleged breach of the Purchase Orders occurred in Illinois, as Defendant delivered its equipment for the Project in Florida.  For all of these reasons, Plaintiff's decision to file suit in Illinois carries little significance for purposes of evaluating convenience.

With respect to the location of material events and the relative ease of access to sources of proof, the Middle District of Florida appears to be far more convenient than Illinois.  Courts have observed that in breach of contract cases, the situs of material events "is where the business decisions leading up to and causing the breach occurred" and often includes "the location of performance or non-performance under the contract."  *Continental Cas. Co.*, 2009 WL 3055374, at *4 (citing *Hinc v. Lime-O-Sol Co.*, 231 F. Supp. 2d 795, 796 (N.D. Ill. 2002)).  Here, the breach of contract claim and related dispute over backcharges is premised on Defendant's

---

[4]  In particular, Plaintiff explains that at some point after the First Purchase Order was executed, "[Plaintiff] was acquired by KBR, Inc. ("KBR").  As part of the acquisition, [Plaintiff's] contracts were transitioned into KBR's computer system for the generation of purchase orders and contracts. Unbeknownst to [Plaintiff's] counsel, the Original [Purchase Order] was replaced by another purchase order generated by KBR's "SAP" module for generation on or about September 29, 2011 (the "Replacement PO").  The Replacement PO provided all of the same terms and conditions of the Original PO, including the Illinois venue provision.  However, the Replacement PO also provided additional terms and conditions, including a "Claims and Dispute Resolution" provision requiring that all disputes be resolved through arbitration [in Houston, Texas]."  [22], Pl.'s Mem. 3.

alleged failure to perform under the Purchase Orders, which required Defendant to provide Plaintiff with certain equipment for the Project at the Seminole Generating Facility in Palatka, Florida.  Defendant indicates that it delivered the equipment to the Facility, thus indicating that any failure to perform as required occurred in the Middle District of Florida.  [8], Def.'s Mem. 11 (citing Tempesta Decl. ¶ 4).  The parties also had daily meetings onsite at the Generating Facility, *id.* (citing Tempesta Decl. ¶ 11)—a fact that indicates that the decisions that caused or led up to the breach likely were made in the Middle District of Florida.  Finally, Defendant asserts—and Plaintiff does not contest—that the majority of the sources of proof for this case are located in the Middle District of Florida.  See *id.* at 12–13.  In particular, Defendant explains that the evidence related to work at the Facility is located in the Middle District of Florida and that all of Seminole's employees—who interacted with the parties on a daily basis throughout the duration of the Project—are located there as well.  See *id.* (citing Tempesta Decl. ¶¶ 4, 11)

The last factor, the convenience of the parties and witnesses, appears to be neutral.  Neither party directly addresses this issue, but based on the record before the Court, there is no reason to believe that the Middle District of Florida will significantly inconvenience Plaintiff.  See *Emhart Indus., Inc. v. Universal Instruments Corp.*, 1988 WL 121538, at * 2 (N.D. Ill. Nov. 4, 1988) (citing Wright & Miller, Fed. Prac. & Proc., Sec. 3849 at 407–08).  In fact, Plaintiff has requested that the Court compel arbitration in Florida, and alternatively requests that the Court transfer the case to the Middle District of Florida, as opposed to dismissing it under § 1406(a).  Although Plaintiff is a Delaware corporation with its principal place of business in Illinois, it is not clear that Illinois would provide a more convenient forum than Florida, as the President of Roberts & Schaefer lives in Houston, Texas.  See [8-2], Ex. 2, Carson Decl. ¶ 3 (citing Illinois

Secretary of State website).  Finally, at least some of the witnesses are located in the Middle District of Florida, as discussed above.

### 3.    Interest of Justice

The final consideration under § 1404(a), the interest of justice, "relates to the efficient administration of the court system."  *Research Automation, Inc.*, 626 F.3d at 978.  "[C]ourts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy."  *Id.* (internal citations omitted).  These factors favor resolution of this dispute in the Middle District of Florida.

To begin, from what the Court can gather, the conduct surrounding Defendant's alleged breach of the Purchase Orders and tortious interference with Plaintiff's contract with Seminole occurred in the Middle District of Florida, thus favoring adjudication in that forum.  See *Doage v. Bd. of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997) ("Resolving litigated controversies in their locale is a desirable goal of the federal courts.").  In addition, if Section 22 of the EPC Contract controls, as Defendant contends, then Florida law applies.

Finally, Plaintiff's claims likely will be resolved more expeditiously in the Middle District of Florida than in the Northern District of Illinois.  This consideration is evaluated by looking to the Federal Court Management Statistics for the median months from filing to disposition and from filing to trial.  *Powell v. Sparrow Hosp.*, 2010 WL 582667, at *5 (N.D. Ill. Feb. 12, 2010) (internal quotation marks omitted).  The 2014 data indicates that the median number of months from the filing of a complaint to trial is 31.2 months in the Northern District of Illinois and only 21.4 months in the Middle District of Florida.  See Table C-5, available at

http://www.uscourts.gov/Statistics.aspx.   See also *Research Automation, Inc.*, 626 F.3d at 978 ("[C]ourts look to * * * likely speed to trial in the transferor and potential transferee forums[.]").

For all of the reasons set forth above, the Court concludes that transferring the action to the Middle District of Florida is appropriate.  Venue is proper there, and the convenience and the interest of justice factors weigh in favor of transfer.

### D.      Dismissal under Section 1406(a)

Finally, the Court turns to why transfer, rather than dismissal, is appropriate in this case. As previously indicated, even if the Court determined that § 1406(a), rather than § 1404(a), applied, dismissal still would not be warranted in these circumstances.

Under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  "Transfer is ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is 'time consuming' and may be 'justice-defeating.'"  *Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp. 2d 1052, 1059–60 (N.D. Ill. 2002) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)).  See also *Giles v. Cont'l Cas. Co.*, 2010 WL 481233, at *5 (S.D. Ill. Feb. 5, 2010) ("Generally, courts prefer transferring a case to a jurisdiction where venue is proper as opposed to dismissing it * * * Transfer further avoids the 'timeconsuming and justice-defeating technicalities' required to refile a case in a proper venue.") (quoting *Goldlawr*, 369 U.S. at 467). Dismissal may be appropriate, however, if the plaintiff was acting for an "improper purpose" by choosing the original venue or where "personal jurisdiction or venue was obviously wrong."  See *Spherion Corp.*, 183 F. Supp. 2d at 1060.

Here, Defendant contends that dismissal is appropriate because filing in Illinois was:

> a blatant attempt, a successful attempt, at increasing [Defendant's] litigation costs[,] [as] * * * [Plaintiff] is well-aware that the First [Purchase Order], which contained an Illinois forum provision, was "replaced" at [Plaintiff's] *own* request by the Second [Purchase Order], which contains a Texas forum provision.  In addition, [Plaintiff] should know that both of those forum provisions were "amended" by the attached provision of the SECI Contract, which contained a Florida forum provision.

[8], Def.'s Mem. 5 (emphasis in original).  Based on the available record, the Court respectfully disagrees.  It is not obvious that Plaintiff filed suit in Cook County simply to increase litigation costs, knowing that another venue was mandatory.  As discussed earlier, Plaintiff explained that the Second Purchase Order replaced the First Purchase Order without the knowledge of Plaintiff's counsel, after Plaintiff was acquired by KBR, Inc.  Further, there are three conflicting venue provisions at issue in the Purchase Orders and the EPC Contract; as such, it is not clear that Plaintiff should have been aware that Section 22 of the EPC Contract governed (assuming, of course, that Defendant's interpretation of how these provisions interact is correct).

Finally, Defendant relies on *Continental Insurance Company v. M/V Orsula*, 354 F.3d 603 (7th Cir. 2003), in support of its position that dismissal is warranted here.  In that case, the Seventh Circuit affirmed the district court's dismissal of a complaint under Rule 12(b)(3), because the district court determined that filing in the Northern District of Illinois "was an obvious mistake made by a sophisticated party with representation."  *Cont'l Ins. Co.*, 354 F.3d at 608.  This case does not convince that Court that dismissal is appropriate in these circumstances.

As a preliminary matter, the Seventh Circuit did not hold that dismissal was required in that case; rather the Court found that the district court did not clearly abuse its discretion in deciding to dismiss.  See *Cont'l Ins. Co.*, 354 F.3d at 608 ("We will not second-guess the district court when it has not clearly abused its discretion.").  In addition, the district court opted to dismiss in that case, because an applicable forum selection clause plainly required that suit be

14

brought in the Northern District of Indiana.  See *id.* at 607 ("There is nothing unclear or ambiguous about th[e] contractual [forum section] provision. * * * there is neither an option to file in multiple venues nor an ambiguity in the forum-selection clause.").  Here, in contrast, there are multiple forum provisions, in multiple agreements; although Defendant may be correct in its reading of the Purchase Orders and the EPC Contract, Plaintiff's purported misstep does not compel the conclusion that dismissal is appropriate under § 1406(a), given the circumstances.

For all of these reasons, even if venue were improper in this district, the Court declines to dismiss the complaint and instead exercises its discretion to transfer the case to the Middle District of Florida.

## IV.      Conclusion

For the reasons set forth above, the Court grants in part and denies in part Defendant's motion to dismiss or to transfer venue [7].  The Court declines to dismiss this case, but grants Defendant's request to transfer the case to the Middle District of Florida.  The Court denies without prejudice Defendant's other pending motion to dismiss under Rule 12(b)(6) [5], which Defendant may refile in the Middle District of Florida if it so choose.  The Clerk is directed to transfer this case to the United States District Court for the Middle District of Florida.

Dated: April 27, 2015

Robert M. Dow, Jr.
United States District Judge